UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RONNI DYNKIN and GAIL GRAUMAN,

              Plaintiffs,

    v.

BEN-ZION ALCALAY, *et al.*,

              Defendants.

**MEMORANDUM & ORDER**
22-CV-05004 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiffs Ronni Dynkin and Gail Grauman move to voluntarily dismiss their action against Defendants Ben-Zion Alcalay, Aharon Alcalay, David Alcalay, Olympic Property Management LLC, Silver Bears Management LLC, Silver Bears Real Estate LLC, and Benhad Manager Inc. pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. ECF No. 83. For the reasons set forth below, the Court grants Plaintiff's motion.

## BACKGROUND

    Plaintiffs commenced this action on August 23, 2022, alleging that they were "defrauded of millions of dollars by Defendants [who caused] mortgages to be taken against" a property owned by Plaintiffs in Queens, New York. ECF No. 27. Plaintiffs asserted various claims against Defendants including a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68, breach of fiduciary duty, fraudulent inducement, unjust enrichment, fraud, and breach of contract. ECF No. 1 at 5. On April 28, 2023, Plaintiffs filed a motion to voluntarily dismiss the action without prejudice pursuant to Rule 41(a)(2) (the "Motion"). ECF No. 83. Defendants do not oppose the Motion. ECF No. 84.

**DISCUSSION**

"A plaintiff may voluntarily dismiss a claim without a court order only (i) before the opposing party serves either an answer or a motion for summary judgment, or (ii) later, if armed with a stipulation of dismissal signed by all parties who have appeared [pursuant to Rule 41(a)(1)]. Otherwise, a claim may be dismissed only by court order and on terms that the court considers proper [pursuant to Rule 41(a)(2)]." *Gov't Emps. Ins. Co. v. Mayzenberg*, No. 17-cv-2802, 2022 WL 4096917, at *1 (E.D.N.Y. Sept. 6, 2022).[1] In *Catanzano v. Wing*, the Second Circuit laid out the standard to apply when considering a voluntary dismissal under Rule 41(a)(2):

> It is within the district court's sound discretion to [grant or] deny a Rule 41(a)(2) motion to dismiss. Generally, however, a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby.

277 F.3d 99, 109–10 (2d Cir. 2001). Courts consider a number of factors in determining whether defendant will be prejudiced, including: "[(1)] the plaintiff's diligence in bringing the motion; [(2)] any undue vexatiousness on plaintiff's part; [(3)] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [(4)] the duplicative expense of relitigation; and [(5)] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

The record does not provide a basis for concluding that Defendants would be prejudiced from a dismissal without prejudice. Defendants do not oppose Plaintiffs' Motion, and in fact, welcome it. *See* ECF No. 84 at 1 ("Defendants do not oppose the Motion. This case should never have been brought, much less in federal court."). Moreover, although Defendants "do not assert harm from continuing to litigate the case in another forum, that, too would be insufficient [to establish prejudice]." *Ku v. MB Gallery Inc.*, No. 20-cv-3486, 2022 WL 4642088, at *3

---

[1] Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

(E.D.N.Y. July 6, 2022), *report and recommendation adopted*, 2022 WL 4662196 (E.D.N.Y. Sept. 30, 2022).

In addition, none of the factors described in *Zagano* warrant denying Plaintiffs' Motion. *See* 900 F.2d at 14. "Plaintiff[s] [were] not unduly dilatory in bringing this motion and brought the motion in order to end the litigation" shortly after a settlement conference during which they discussed whether it was in their interests to continue pursuing claims in this forum. *Ku*, 2022 WL 4642088, at *3; *see also* ECF No. 83 at 1 ("For the several reasons discussed at our mediation conference . . . our client will discontinue [this action] in this court. . . ."). Second, the Motion was not "made to harass or annoy Defendants." *Id.* Third, although Defendants have filed a motion to dismiss, *see* ECF No. 28, the action is not even a year old, and depositions have not been taken yet. *See* Text Order dated February 16, 2023 (staying discovery and postponing depositions until after settlement conference). "As a result, Defendants' efforts and expense in preparation for trial have been relatively light, which in turn minimizes the risk of the duplicative expense of relitigation." *Id.* Finally, as to the fifth factor, the adequacy of Plaintiffs' explanation for the need to dismiss, because dismissal was discussed at length with this Court during a settlement conference, the Court finds that Plaintiff's stated reasoning is sufficient.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for voluntary dismissal. No further papers shall be filed in this case.

SO ORDERED.

                                                 */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
        May 4, 2023